# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM, | CV F   05-1363 OWW SMS HC |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO CHANGE NAME OF RESPONDENT |
| v. | ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST STATE COURT REMEDIES |
| LEA ANN CHRONES, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner filed the instant petition on July 5, 2005, in the United States District Court for the Eastern District of California, Sacramento Division.  By order of October 28, 2005, the petition was transferred to the Fresno Division.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

---

[1] On the form petition, Petitioner names Bill Whitman, Sheriff of the Bob Wiley Detention Center in Tulare, California.  At the time the instant petition was filed, Petitioner was incarcerated at Bob Wiley Detention Center and the proper Respondent would be the Sheriff of that County; however, on October 5, 2005, Petitioner filed a notice of change of address indicating that he is currently incarcerated at North Kern State Prison in Delano, California.  A petitioner seeking habeas relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. Brittingham v. United States, 982. F.2d 378, 279 (9th Cir.1992). The Respondent of North Kern State Prison is Lea Ann Chrones; therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Warden Chrones is substituted in place of Sheriff Whitman.

1

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888.

Petitioner indicates that he filed a petition for writ of habeas corpus in the Tulare County Superior Court and Fifth District Court of Appeal; however, Petitioner indicates that the petition filed at the California Supreme Court is still "pending." (Petition, at 3.) Comity requires this federal court allow the California Supreme Court to review the instant claims *before* they may be presented here. Thus, Petitioner must show cause as to the why the instant petition should not be dismissed for failure to exhaust the state court remedies. Specifically, Petitioner must inform the Court of the status of the petition for review filed in the California Supreme Court and state the claim(s) that were raised. If possible, Petitioner should present to the Court documentary evidence that the claims raised in the instant petition were indeed presented to the California

Supreme Court.[2]

Accordingly, the Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to change the name of Respondent to Lea Ann Chrones;

2. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the petition should not be dismissed for failing to exhaust state court remedies; and

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    February 16, 2006**          /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.