IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ALAN YOCOM, | ) | 1:05-cv-01363-OWW-SMS-HC |
| | ) | |
| Petitioner, | ) | **FINDINGS AND RECOMMENDATION** |
| | ) | |
| vs. | ) | (Doc. 10) |
| | ) | |
| LEA ANN CHRONES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 17, 2006, the court issued an order requiring Petitioner to show cause why the petition should not be dismissed for failing to exhaust state court remedies, within thirty (30) days from the date of service of that order. The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1

1  Respondents; (4) the public policy favoring disposition of cases on
2  their merits; and, (5) the availability of less drastic
3  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
4  1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court
5  finds that the public's interest in expeditiously resolving this
6  litigation and the court's interest in managing the docket weigh in
7  favor of dismissal.  The third factor, risk of prejudice to
8  Respondents, also weighs in favor of dismissal, since a presumption
9  of injury arises from the occurrence of unreasonable delay in
10 prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th
11 Cir. 1976).  The fourth factor -- public policy favoring
12 disposition of cases on their merits -- is greatly outweighed by
13 the factors in favor of dismissal discussed herein.  Finally, a
14 court's warning to a party that failure to obey the court's order
15 will result in dismissal satisfies the "consideration of
16 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
17 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's
18 order of February 17, 2006, expressly stated: "Petitioner is
19 forewarned that his failure to comply with this order may result in
20 a Recommendation that the Petition be dismissed pursuant to Local
21 Rule 11-110."  Thus, Petitioner had adequate warning that dismissal
22 could result from his noncompliance with the court's order.
23       Accordingly, the court HEREBY RECOMMENDS that the Petition be
24 DISMISSED pursuant to Local Rule 11-110.  These Findings and
25 Recommendations are submitted to the United States District Court
26 Judge assigned to the case pursuant to the provisions of 28 U.S.C.
27 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for
28 the United States District Court, Eastern District of California.

1  Within thirty (30) days after being served with a copy, any party
2  may file written objections with the court and serve a copy on all
3  parties.  Such a document should be captioned "Objections to
4  Magistrate Judge's Findings and Recommendations."  Replies to the
5  objections shall be served and filed within ten (10) <u>court</u> days
6  (plus three days if served by mail) after service of the
7  objections.  The Court will then review the Magistrate Judge's
8  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
9  advised that failure to file objections within the specified time
10 may waive the right to appeal the District Court's order.  <u>Martinez</u>
11 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14 IT IS SO ORDERED.

15 **Dated:   March 27, 2006**             **/s/ Sandra M. Snyder**
   icido3                          UNITED STATES MAGISTRATE JUDGE

3